■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID M. NICHOLS, Appellant. — Appeal from a judgment of the County Court of Rensselaer County (Dwyer, Jr., J.), rendered May 7, 1980, convicting defendant upon his plea of guilty of the crime of rape in the first degree. On May 7, 1980, defendant was sentenced to an indeterminate term of imprisonment having a maximum term of 25 years upon his plea of guilty of the crime of rape in the first degree. Although it was not a matter of record at the plea proceedings, the Trial Judge indicated at sentencing that he had stated at a preplea conference that "I don't know enough to give you anything conclusive now [regarding sentencing] but I will follow the recommendation of the Probation Department." The initial presentence report merely recommended that defendant "be sentenced to an appropriate period of incarceration." On the originally scheduled sentencing date, the probation officer who prepared the presentence report was called into the Trial Judge's chambers to discuss the recommendation. Although no minutes were kept at this conference, it is not disputed by either party to this appeal that the probation officer clearly indicated his belief that defendant should be sentenced to the minimum period of imprisonment, i.e., zero to three years. The Trial Judge adjourned defendant's sentencing in order to allow the probation officer to put his specific recommendation concerning defendant's sentencing in writing. However, the addendum which the probation officer submitted to the Trial Judge noted that the rules and regulations of the State Division of Probation (9 NYCRR 350.4 [*l*]) prohibit the making of recommendations of specific sentences. Thus, the recommendation originally submitted remained unchanged. Not feeling bound by the oral recommendation made in his chambers by the probation officer, the Trial Judge gave defendant an indeterminate sentence with a maximum term of 25 years. This appeal by defendant ensued. Arguing that the probation department recommended an indeterminate sentence with a three-year maximum, defendant seeks to specifically enforce the Trial Judge's promise to follow that recommendation. We disagree. First, there is nothing in the record which directly indicates that it was the Trial Judge's intention to follow the probation department's recommendation of a *specific* period of incarceration. The only promise alleged to have been made was to follow the department's "recommen-

dation" concerning defendant's sentence which, as evidenced by the presentence report with its supporting addendum, advised that defendant be sentenced to an appropriate period of incarceration. This was done by the Trial Judge after a thorough examination of the presentence report. Second, even if it were the Trial Judge's intention to follow the probation department's specific sentencing recommendation, defendant could not, as a matter of law, rely on such a promise since it would have been in violation of both a State regulation (9 NYCRR 350.4 [*l*]) and public policy to allow a Trial Judge to delegate his sentencing discretion to an administrative agency (*People v Selikoff*, 35 NY2d 227, 238, 241, cert den 419 US 1122). Accordingly, the judgment should be affirmed. Judgment affirmed. Mahoney, P. J., Sweeney, Main, Mikoll and Yesawich, Jr., JJ., concur.